104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
GLENDORA, Plaintiff-Appellant,
v.
Amos B. HOSTETTER, JR.; Timothy P. Neher; Michael J.
Ritter; Nancy Hawthorne; Jeffrey T. Delorme; William T.
Schleyer; Continental Cablevision, Inc.; Gregg Sanders;
Douglas Guthrie; Dianne Rainey; Melissa Cooper; American
Cable Systems, Defendants-Appellees.
 No. 96-7433.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 FOR APPELLANT:Glendora, pro se.
 FOR APPELLEES:Thomas E. Walsh II, Congers, NY.
 PRESENT: OAKES, McLAUGHLIN, amd CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Glendora produces a public access television program called "A Chat with Glendora." Continental Cablevision, Inc., ("Continental") operates a cable television system serving portions of Westchester and Rockland Counties in New York. As part of that system, Continental provides a public access channel serving a portion of Westchester County. In the past couple of years, Continental showed "A Chat with Glendora" every Saturday from 3:00 PM to 3:30 PM on its public access channel.
 
 
 4
 Effective September 1, 1995, Continental reduced Glendora's show (and many other public access programs) from every Saturday to every other Saturday. Glendora sued Continental and many of its officers in the United States District Court for the Southern District of New York (Barrington D. Parker, Jr., Judge ), alleging that Continental's curtailment of her program's cablecast dates violated her rights under the First and Fourteenth Amendments, 42 U.S.C. §§ 1981 and 1983; other federal law, 47 U.S.C. § 531(e); and state law, N.Y. Exec. Law § 829(3).
 
 
 5
 Glendora moved for a preliminary injunction prohibiting Continental from reducing her program's cablecast days, and requiring Continental to make up all dates missed since September 9, 1995, in prime time or week-end afternoons. After a hearing on the motion, the district court denied Glendora's request for a preliminary injunction. See Glendora v. Hostetter, 916 F.Supp. 1339, 1343 (S.D.N.Y.1996). Glendora now appeals, arguing that the district court erred in denying her request for a preliminary injunction.
 
 
 6
 We review the district court's denial of a preliminary injunction only for an abuse of discretion. See International Dairy Foods Ass'n v. Amestoy, 92 F.3d 67, 70 (2d Cir.1996); Niagara Hooker Employees Union v. Occidental Chem. Corp., 935 F.2d 1370, 1374 (2d Cir.1991). To obtain a preliminary injunction, a plaintiff must show: (1) irreparable harm; and (2) either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in the plaintiff's favor. See International Dairy Foods Ass'n, 92 F.3d at 70; Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir.1979) (per curiam).
 
 
 7
 We find that Glendora has failed to make the requisite showing for preliminary relief for substantially the reasons stated in the district court's Memorandum Decision and Order, dated March 12, 1996. See Glendora, 916 F.Supp. at 1341-43. We certainly cannot say that the district court abused its discretion. We have considered all of the arguments raised by Glendora, and find them to be without merit.
 
 
 8
 Accordingly, the decision of the district court is AFFIRMED.